| | | |
|---|---|---|
| **MARS, INCORPORATED, and** | ) | |
| **MARS PETCARE US, INC.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **Case 3:13-0928** |
| **v.** | ) | **Judge Campbell/Brown** |
| | ) | **Jury Demand** |
| **BIL-JAC FOODS, INC., U.S. PET** | ) | |
| **NUTRITION, LLC, THAI UNION** | ) | |
| **INTERNATIONAL, INC., KELLY** | ) | |
| **FOODS CORPORATION, and** | ) | |
| **BLUE BUFFALO COMPANY, LTD.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. **THE BASIS FOR THE COURT'S JURISDICTION:** This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331, 1332, and 1338(a). Subject matter jurisdiction is not disputed.

Plaintiffs assert that this Court has personal jurisdiction over Defendants based on Defendants' continuous and systematic contacts with the state of Tennessee and/or under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*, and that venue is proper in this District under 28 U.S.C. § 1391. Defendants Bil-Jac, Kelly Foods, Blue Buffalo, and US Pet do not dispute personal jurisdiction or venue.

2. **PLAINTIFFS' BRIEF THEORY OF THE CASE:** Mars owns and uses numerous distinctive, registered design trademarks in connection with the advertising and sale of its CESAR dog food products, including a square container configuration with rounded edges

1

("Square Tray Mark"), a gold-bordered, square-shaped lid design ("Gold-Bordered Lid Mark"), a depiction of a small white dog ("White Dog Mark"), and a dark oval lined in gold with the brand name "CESAR" displayed in white lettering inside the oval ("CESAR and Gold Oval Design Mark"). Mars also owns and uses the distinctive word mark "SAVORY DELIGHTS" ("SAVORY DELIGHTS Mark") in connection with the advertising and sale of its CESAR products. Mars uses these marks in combination with other source indicating designs as a composite package design mark and as an inherently distinctive form of trade dress (the "CESAR Packaging Trademark and Trade Dress").

Defendants have adopted and are using trademarks and trade dress that infringe Mars's CESAR Packaging Trademark and Trade Dress, namely, the Infringing Bil-Jac Packaging Trademark and Trade Dress and the Infringing Blue Buffalo Packaging (as defined in the First Amended Complaint). Defendants US Pet, Thai Union, Kelly Foods, and Bil-Jac are involved in the manufacture, distribution, promotion and sale of Infringing Bil-Jac Packaging, and Defendants US Pet, Thai Union, and Blue Buffalo are involved in the manufacture, distribution, promotion and sale of the Infringing Blue Buffalo packaging. Both the Infringing Bil-Jac Packaging Trademark and Trade Dress and the Infringing Blue Buffalo Packaging Trademark and Trade Dress copy almost all of the elements of Mars's CESAR Packaging Trademark and Trade Dress. As such, Mars asserts causes of action against all Defendants for trademark counterfeiting, trademark infringement, trade dress infringement, and false designation and unfair competition under the Lanham Act, 15 U.S.C. § 1114 et seq., and the common law. Defendants Bil-Jac, Kelly Foods, Blue Buffalo, and US Pet have filed answers and counterclaims asserting causes of action against Mars, including claims seeking declarations of non-infringement, and claims seeking cancellation of Mars's trademark registrations. Defendants'

counterclaims are baseless because, *inter alia*, Mars's marks are distinctive, non-functional indicators of source which have been blatantly infringed by Defendants.

### 3. DEFENDANTS' BRIEF THEORY OF THE CASE:

**A.    Bil-Jac and Kelly Foods' Theory of the Case:**  Bil-Jac and Kelly Foods sell a 3.5 ounce wet dog food product line in various flavors (hereinafter "the BIL-JAC wet dog food product line").  The BIL-JAC wet dog food product line is packaged in a generally square-shaped container, which is clear so that the food contents in the package can be clearly seen by a consumer.  A foil label is used to seal the tray and is necessarily shaped like a square.  The label includes a tab, which makes it possible for a consumer to remove the label from the tray and open the package.  The outer periphery of the label was previously outlined in a thin gold decorative trim.  The trim no longer appears on the labels of product presently manufactured. The trim is a decorative design element that would not be perceived by a consumer as an indicator of source.

By its First Amended Complaint and the definition of the "CESAR Packaging Trademark and Trade Dress," Mars seeks to prevent Bil-Jac from using a generic square-shaped tray for packaging of a wet dog food product, either alone or in combination with a label including a gold decorative trim, a white dog, an oval design element and/or a blue background. Given the differences between the brands of the parties on their respective wet dog food product lines, the differences between the square trays, the differences between the gold trim/border on the labels of the parties, the use of the different dogs on the labels, and the overall differences of the packaging comprising each parties' trade dress, Bil-Jac's trade dress is not a counterfeit and does not infringe Mars' defined trade dress.  Nor does Bil-Jac's wet dog food product line infringe Mars' asserted trademark registrations, since the scope of those registrations does not

broadly cover a generic square tray, a white dog, an oval design element without reference to the CESAR brand and/or a thin gold decorative trim. Mars' attempt to expand the scope of these registrations renders them generic, incapable of functioning as trademarks, functional and invalid.

      **B.**      **Blue Buffalo's Theory of the Case:** Mars is an overreaching trademark bully whose rights are narrower than it asserts. Mars bears the burden of proving that Blue Buffalo's packaging is confusingly similar to its own – a burden Mars cannot carry. The trade dresses of Blue Buffalo's packaging and Mars's packaging are dissimilar. For example, Blue Buffalo's logo is starkly different from the CESAR logo that Mars uses. Unlike Mars's packaging, Blue Buffalo's package is not outlined in gold. Unlike Mars's packaging (which uses the same photograph of the same white Westie dog for all seven of its flavors), Blue Buffalo's packaging features a different breed on each of its six flavors, only one of which is a Westie (which, incidentally, is not white and which does not closely resemble Mars's Westie). Further, unlike Mars's square tray, Blue Buffalo's does not contain a series of ribs in the sidewalls of the tray. For these and other reasons, Mars cannot establish any of its claims against Blue Buffalo under the Lanham Act or under common law.

      Blue Buffalo's counterclaim attacks only one aspect of Mars's packaging – the square tray with rounded corners. Among other benefits, because of its shape, more packages can fit into shipping containers; the package can stand on its side on store shelves and face consumers as they shop for dog food; more food can fit on allotted shelf space; food can release more easily from the package; humans have less need to touch and handle wet dog food as they feed their pets; and risks of cuts and safety concerns decline. Blue Buffalo seeks a judgment declaring that

Mars's square tray is functional and, because it is functional, an order canceling Mars's registration in the square tray. <u>See</u> 15 U.S.C. § 1064(3).

       **C.**     **US Pet's Theory of the Case:** This is a case of Mars asserting rights well beyond those it actually owns. This is no more telling than in its attempt to assert exclusive rights in the use of an image of a dog on packages of dog food.

       US Pet manufactures and fills pet food containers for two of the co-defendants in this case: Blue Buffalo Company and Bil-Jac Foods, Inc. The containers manufactured by US Pet, and the graphics on the lids of those containers, including an image of a dog, are the subject of this case.

       Mars's Asserted Trade-Dress and Trademarks Are Not Protectable. US Pet asserts that the "Square Tray Mark" asserted by Mars is functional thus not protectable trade dress. The two "White Dog" marks asserted by Mars are generic and descriptive when used in association with dog food, and the marks have not acquired distinctiveness required to permit trademark protection. Further, should Mars be found to own such rights in its White Dog marks, it is asserting broader rights than it has been granted as Mars is not entitled to prohibit third-parties from using dogs, generally, on their dog food packaging. This is particularly so as Mars admitted that its dog images on dog food packaging are descriptive by filing its trademark applications under Section 2(f) of the Trademark Act. Thus, any third party's use of a dog on dog food packaging is merely descriptive and not an infringement.

       US Pet's Non-Infringement. As to the remaining asserted marks of Mars, US Pet contends that there is no likelihood of confusion, and thus no trademark counterfeiting, trademark infringement, trade dress infringement, or false designation and unfair competition under the Lanham Act, 15 U.S.C. § 1114 et seq., and the common law.

**D.    Thai Union's Theory of the Case.** Has been dismissed (Docket Entry 68).

**4.    IDENTIFICATION OF THE ISSUES:** No issues have been resolved at this point.  The issues to be resolved include Thai Union's motion to dismiss based on lack of personal jurisdiction, the adjudication of Mars's claims against all Defendants, and the adjudication of the counterclaims filed against Mars by Defendants Bil-Jac, Kelly Foods, Blue Buffalo, and US Pet.

**5.    NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE:** Blue Buffalo, US Pet, Bil-Jac and Kelly Foods have all counterclaimed under FRCP 13; however, the parties do not anticipate any special issues related to these counterclaims.  At this time, the parties do not anticipate any other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

**6.    WITNESSES, IF KNOWN, SUBJECT TO SUPPLEMENTATION BY EACH PARTY:**  The parties' witnesses are unknown at this time.

**7.    INITIAL DISCLOSURES AND STAGING OF DISCOVERY:** the parties agree to the following timeline:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **March 4, 2014**.

Any motion to amend the pleadings pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure shall be filed by **July 7, 2014**.

All fact discovery, including written discovery and fact depositions, must be completed no later than **October 7, 2014**.

By **August 20, 2014**, the parties shall disclose the identity of their expert witnesses for their cases in chief, the subject matter of the experts' testimony, and the experts' curriculum vitae.

By **November 7, 2014**, the parties shall provide all the remaining information concerning their expert disclosures, as specified in Federal Rule of Civil Procedure 26(a)(2)(B).

By **December 8, 2014**, the parties shall disclose the identity of rebuttal expert witnesses and provide all the information specified in Federal Rule of Civil Procedure 26(a)(2)(B).

Any supplements to expert reports shall be exchanged by **December 22, 2014**.

Depositions of expert witnesses shall be completed on or before **January 23, 2015**.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

**8. DISPOSITIVE MOTIONS:**

The parties shall file all dispositive motions no later than **February 27, 2015**. Responses to dispositive motions shall be filed no later than **28 days** after the filing of the motion (i.e., by **March 27, 2015**). Replies may be filed within **14 days** after the filing of the response (*i.e.*, by **April 10, 2015**). If a dispositive motion is filed early, the response and reply dates are moved up accordingly. The motion and response memoranda shall not exceed **25 pages**. The reply, if a reply is filed, is limited to **10 pages**, absent Court permission for longer pleading.

13.    **MISCELLANEOUS: <u>E-Discovery:</u>** The parties had a preliminary discussion about electronically stored information ("ESI") during their discovery planning phone conference.  The parties are continuing to discuss the handling of ESI, and expect to reach an agreement on that issue prior to the exchange of their initial disclosures on **March 4, 2014**.  The parties agree that during this interim period Administrative Order No. 174 shall not apply to electronic discovery in this case.

**<u>Protective Order:</u>**  The parties will prepare and submit a proposed protective order to the Court.

9.    **CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE:** The parties do not consent to trial before a Magistrate Judge.

10.    **ALTERNATIVE DISPUTE RESOLUTION:** The parties discussed this issue during their discovery planning telephone conference and believe that alternative dispute resolution may be useful in this case. The parties intend to continue discussing the issues relating to this topic. A telephone conference with Magistrate Judge Brown to report on alternative dispute resolution progress is set for **March 31, 2014, at 10:30 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

11.    **SUBSEQUENT CASE MANAGEMENT CONFERENCES:**  A telephone conference with Magistrate Judge Brown to discuss case progress is set for **November 17, 2014, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

**12.     TARGET TRIAL DATE:**  This jury trial is estimated to take seven or eight days and is requested to begin on or after August 18, 2015. Judge Campbell will issue a separate order setting the date for trial and covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

_/s/    Joe B. Brown_____
JOE B. BROWN
United States Magistrate Judge