IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARS, INCORPORATED and MARS PETCARE US, INC., | ) ) ) |
| Plaintiffs, | ) Case No. 3:13-cv-0928 ) District Judge Campbell ) Magistrate Judge Brown |
| v. | ) ) |
| BIL-JAC FOODS, INC., U.S. PET NUTRITION, LLC, THAI UNION INTERNATIONAL, INC., KELLY FOODS CORPORATION, and BLUE BUFFALO COMPANY, LTD., | ) ) ) ) ) ) |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, all the Parties to the above-captioned action (the "Action"), namely, Plaintiffs/Counter-Defendants Mars, Incorporated and Mars Petcare US, Inc. (collectively, "Plaintiffs" or "Mars") and Defendants/Counter-Plaintiffs Bil-Jac Foods, Inc., U.S. Pet Nutrition, LLC, Kelly Foods Corporation, and Blue Buffalo Company, Ltd. (collectively, "Defendants") jointly request that a protective order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this Action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order;

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this Action (including their respective corporate parents, successors, and

1

assigns), their representatives, agents, experts and consultants, all third parties providing discovery or acting as witnesses in this Action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to information of any kind produced or disclosed in the course of discovery in this Action ("Discovery Material") that a person has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits. Discovery Material designated hereunder as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be referenced hereinafter as "Designated Discovery Material."

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate it as CONFIDENTIAL material if the Producing Party in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26. Discovery Material that may be designated as CONFIDENTIAL includes, but is not limited to:

    (a) previously non-disclosed business and financial information of a Party (including without limitation sales reports, sales figures, advertising figures, financial statements, balance sheets, invoices, price lists, profitability reports or estimates, contracts, and customer lists);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans; or

(d) any information of a personal or intimate nature regarding any individual.

3. The Producing Party may designate material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if it in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Federal Rule of Civil Procedure 26 and the material is of a highly proprietary or technical nature or constitutes competitively sensitive information that could potentially be used by the requesting Party or another Party to this Action for commercial use or otherwise to harm the competitive position of the disclosing Party. Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may include material of the type listed as examples in Paragraph 2 above but the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is not necessarily limited to those examples.

4. "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material shall be used by recipients thereof solely for the purposes of this Action, and not for any other purpose whatsoever.

5. No Party shall designate publicly available documents or information as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

6. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a. outside counsel working on this Action on behalf of a Party, and all such counsels' attorneys, paralegals, assistants, stenographic and clerical employees working under the supervision of such counsel;

    b. a Party to this case, including in-house attorneys, employees, executives, officers and directors, but only to the extent that such disclosure is required in good faith to provide assistance in the conduct of the litigation in which the information was

N JAD 1323974 v1
2914916-000002  05/02/2014

disclosed;

c.   consultants, investigators, or experts, whether consulting or testifying, (hereinafter referred to collectively as "expert(s)"), employed or retained by a Party or counsel for the Party to assist or testify in the litigation, provided that the disclosure is necessary to such assistance or testimony, and provided that such persons sign the Non-Disclosure Agreement attached hereto as **Exhibit A**;

d.   court reporters, videographers, outside copy services, interpreters and translators (hereinafter referred to collectively as "service provider(s)") whose functions require disclosure, but only after such service providers agree to be bound by the terms of this Order;

e.   the Court, court personnel and the jury, with suitable precaution calculated to maintain confidentiality;

f.   all authors and prior recipients of the information designated "Confidential"; and

g.   persons noticed or subpoenaed for deposition or designated as trial witnesses to the extent reasonably necessary to prepare to testify or to render testimony, provided, however, that the witness shall sign the Non-Disclosure Agreement attached hereto as **Exhibit A**, and shall not be allowed to retain a copy of such document. The attorney making or seeking to make the disclosure to the persons identified in Paragraphs 6(c) and 6(g) shall maintain each executed Non-Disclosure Agreement in his/her files.

7.   Before designated material is provided to any expert(s), the party who has retained that expert must give all other parties 10 days' notice of its intent to do so (the notice to specifically identify the expert and the information to be provided to the expert), so that the party

N JAD 1323974 v1
2914916-000002  05/02/2014

that produced the material at issue may object to furnishing the expert with all or part of that material, including, if necessary, seeking relief from the Court.

8. Information designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to persons identified in subparagraphs (a), (c), (d), (e), (f), (g) and (h) of paragraph 6 above; it may not be disclosed to persons identified in paragraph 6(b) unless the Parties agree or the Court orders otherwise.

10. The non-party recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall agree to submit to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

11. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

12. Parties shall designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material as follows:

    a. in the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing either of the following legends on any such document copied or to be copied prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." In the event the Producing Party is in possession, custody or control of voluminous documents that may be responsive to requests for production,

N JAD 1323974 v1
2914916-000002 05/02/2014

and chooses to make such documents available for inspection prior to production, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, documents made available shall be considered as marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting Party, the producing Party shall mark the copies of such documents as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material if applicable;

b. in the case of information produced or provided on a computer disk, data tape, or other medium that has not been reduced to paper form, designation shall be made by informing counsel for the Parties to this Action in writing that such computer disk, data tape or other medium contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material. To the extent practicable, such physical medium shall also be appropriately labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If such labeling is not practicable, the Designated Discovery Material shall be segregated or specifically identified as such by the designating party. The Party receiving such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall then be responsible for appropriately labeling any printed versions of such material that it creates after receiving the information in electronic format;

N JAD 1323974 v1
2914916-000002 05/02/2014

c. in the case of depositions, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by the attorneys for the Party to whose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material the deponent has had access. Such review and designation shall occur within thirty (30) days after receipt of the transcript, and on a separate sheet of paper, the numbers of the pages and lines of the transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall be listed. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material. In the event such a designation is made on the record in the course of a deposition, the portion or portions of the deposition which counsel believe may contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material will be taken with no one present except those persons who are authorized to have access to such information in accordance with this Stipulated Protective Order, and a court reporter/videographer, except that a witness,

whose deposition is being taken, may see any document identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that indicates, on the face of the document or otherwise, that the witness has previously seen, has been sent, or has otherwise been made privy to (by oral or written disclosure of the contents);

d. If a Party desires to file materials with the Court or disclose in Court filings information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Party shall take all steps required by the Court to file the materials under seal. The Parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion pursuant to Fed. R. Civ. P. 26(c), and under the principles set forth in *Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219 (6th Cir. 1996), *Brown & Williamson v. FTC*, 710 F.2d 1165 (6th Cir. 1983), and other applicable case law. If the Court unseals a document that was previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," a Party may request that the document be withdrawn, in order to avoid the public disclosure thereof; and

e. in the case of tangible items, designation shall be made by visibly marking the item or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material.

13. Acceptance by a Party of any information, document, or thing designated

N JAD 1323974 v1
2914916-000002 05/02/2014

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not constitute a concession that the information, document or thing is as so designated. A Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this Action disagrees at any stage of this Action with such designation, such Party shall provide to the producing Party ten (10) days prior written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation of confidentiality may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is on the Party challenging such designation.

14. In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material is used in any Court proceeding in connection with this Action, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

15. This Order shall be without prejudice to the right of any Party to oppose production of any information. The inadvertent or unintentional production of documents or information subject to a claim of attorney-client privilege or attorney work product or a designation of confidentiality shall not be deemed a waiver, in whole or in part, of the producing Party's claim of privilege, work product or confidentiality as to the information disclosed. Upon written notice by counsel for the producing Party of such inadvertent or unintentional production

N JAD 1323974 v1
2914916-000002  05/02/2014

and of such claim of privilege, work product or confidentiality, counsel for the receiving Party(s) shall cooperate to restore to the claiming Party all such materials as to which the claim of inadvertent production has been made, provided however if the receiving Party(s) disagrees with the asserted claim of privilege, work product or confidentiality, the production shall nevertheless not be deemed a waiver, but such claim and the status of any such material may be determined by the Court upon application of the receiving Party. In any event, no person or Party shall incur any liability hereunder with respect to a disclosure that occurred prior to receipt of written notice of a designation of attorney-client privilege or attorney work product or of confidentiality.

16. This Order shall not be construed: (a) to prevent any Party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the producing Party; (b) to apply to information which appears in public records, printed publications or otherwise becomes publicly known; (c) to apply to information which any Party or its attorneys has, after disclosure by the producing Party, lawfully obtained from a third party having the right to disclose such information; or (d) to apply to information which any Party independently develops.

17. Nothing in this Order shall preclude any Party to this Action or its attorneys from (a) showing a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to an individual who either prepared or reviewed the document prior to the filing of this Action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from a Party's own files which the Party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

18. If any recipient is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks "CONFIDENTIAL" or "HIGHLY

N JAD 1323974 v1
2914916-000002  05/02/2014

CONFIDENTIAL-ATTORNEYS' EYES ONLY" material produce in this Action, the recipient shall give prompt written notice to counsel for the producing Party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

19. All provisions of this Order restricting the communication or use of CONFIDENTIAL material and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material shall continue to be binding after the conclusion of this Action, unless otherwise agreed in writing by the Parties hereto or ordered by a court of competent jurisdiction. Upon request of the Party or non-party who provided material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" made within 90 days after the later of the conclusion of the Action or exhaustion of all appeals, any person in the possession of such CONFIDENTIAL OR HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY material shall either (a) return such documents no later than thirty (30) days after the request of the Party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed. Notwithstanding the foregoing, each Party's outside counsel and the Court may retain an archival set of pleadings, motions, orders, discovery, hearing or trial transcripts, other work product of such outside counsel, and any exhibits thereto, even if it contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material. The "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material in outside counsel's archival copies shall remain subject to all obligations of this Order.

20. Any material produced by a non-party (such as to a subpoena *duces tecum*) may be designated by the non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as provided for herein. Within fourteen (14) days after receipt of such materials, any Party to this Action may in good faith specifically designate all or a portion of such materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information. A Party who so designates non-party materials must promptly notify in writing all other parties to this matter, as well as the third party.

21. Any Party moving to file Designated Discovery Materials with the Court must follow the Court's instructions for requesting to file filing documents under seal, which are reprinted below for the avoidance of doubt and for the convenience of the Parties:

**Sealed Documents.** A party seeking to file documents under seal must (1) electronically file a motion for leave of Court to do so via the Court's Electronic Filing System; and (2) by separate entry immediately thereafter, submit the proposed sealed documents by selecting the "Sealed Document" event option in the Court's Electronic Filing System. Any documents purported to be filed under seal without leave of Court will automatically become part of the public record. When documents are ordered to be placed under seal, the Clerk will officially file the documents and such documents will be electronically accessible only to the Court. *United States District Court for the Middle District of Tennessee, Administrative Practices & Procedures For Electronic Case Filings, 5.07.*

22. This Stipulated Protective Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein. In addition, this Order shall not prevent any Party from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Order,

12

subject to the approval of the Court.

23. The Court shall retain jurisdiction of this Action (and over those subject to this Order) after termination of this Action to the extent necessary to enforce the provisions of this Order.

24. This Stipulated Protective Order shall be deemed effective as of the date it is filed with the Court.

SO STIPULATED AND AGREED

[Signatures on following pages.]

N JAD 1323974 v1
2914916-000002  05/02/2014

| | |
|---|---|
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.<br><br>By: /s/ James A. DeLanis<br>    James A. DeLanis (BPR #6057)<br>    Robert G. McDowell (BPR # 000961)<br>    Maia T. Woodhouse (BPR# 030438)<br>    BAKER, DONELSON, BEARMAN,<br>    CALDWELL & BERKOWITZ, P.C.<br>    211 Commerce Street, Suite 800<br>    Nashville, Tennessee 37201<br>    Telephone: (615) 726-5600<br>    Facsimile: (615) 744-5613<br>    jdelanis@bakerdonelson.com;<br>    rmcdowell@bakerdonelson.com;<br>    mwoodhouse@bakerdonelson.com<br><br>*Attorneys for Plaintiffs Mars, Incorporated and Mars Petcare US, Inc.*<br><br><br>ARENT FOX LLP<br><br>By: Christina A. Carvalho  w/ permission<br>    Cristina A. Carvalho (admitted *pro hac vice*)<br>    Michael A. Grow (admitted *pro hac vice*)<br>    Ross Q. Panko (admitted *pro hac vice*)<br>    ARENT FOX LLP<br>    1717 K Street, N.W.<br>    Washington, DC 20036<br>    Tel:  (202) 857-6000<br>    cristina.carvalho@arentfox.com<br>    michael.grow@arentfox.com<br>    ross.panko@arentfox.com<br><br>*Attorneys for Plaintiffs Mars, Incorporated and Mars Petcare US, Inc.* | EVERHART LAW FIRM PLC<br><br>By: /s/ Amy J. Everhart w/ permission<br>    Amy J. Everhart<br>    Maria A. Spear<br>    EVERHART LAW FIRM PLC<br>    1400 Fifth Avenue North<br>    Nashville, TN 37208<br>    amy@everhartlawfirm.com<br>    maria@everhartlawfirm.com<br><br>*Attorneys for Defendants U.S. Pet Nutrition, LLC*<br><br><br>FISH & ASSOCIATES, PC<br><br>By: /s/ Linda Herman   w/ permission<br>    Lindy Herman<br>    Mei Tsang<br>    Rosie Kim<br>    FISH & ASSOCIATES, PC<br>    2603 Main Street, Suite 1000<br>    Irvine, CA 92614-4271<br>    lherman@fishiplaw.com<br>    mtsang@fishiplaw.com<br>    rkim@fishiplaw.com<br>*Attorneys for Defendants U.S. Pet Nutrition, LLC*<br><br><br>HARWELL, HOWARD, HYNE, GABBERT & MANNER, P.C<br><br>By: David Alexander Fardon w/ permission<br>    David Alexander Fardon<br>    HARWELL, HOWARD, HYNE, GABBERT &<br>    MANNER, P.C.<br>    333 Commerce Street<br>    Suite 1500<br>    Nashville, TN 37201<br>    daf@h3gm.com<br><br>*Attorneys for Defendants Bil-Jac Foods,* |

*Inc. and Kelly Foods Corporation*
FAY SHARPE LLP

By: /s/ Jude A. Fry   w/ permission
　Jude A. Fry
　FAY SHARPE LLP
　The Halle Building, 5th Floor
　1228 Euclid Avenue
　Cleveland, OH 44115
　jfry@faysharpe.com

　*Attorneys for Defendants Bil-Jac Foods, Inc. and Kelly Foods Corporation*

　BONE MCALLESTER NORTON PLLC

By: /s/ Stephen J. Zralek    w/ permission
　Stephen J. Zralek
　BONE MCALLESTER NORTON PLLC
　511 Union Street
　Suite 1600
　Nashville, TN 37219
　szralek@bonelaw.com

　*Attorneys for Defendant Blue Buffalo Company, Ltd.*

　IT IS SO ORDERED

　/S/ Joe B. Brown
　_____
　JOE B. BROWN
　United States Magistrate Judge

N JAD 1323974 v1
2914916-000002  05/02/2014

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARS, INCORPORATED and MARS PETCARE US, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:13-cv-0928 ) District Judge Campbell ) Magistrate Judge Brown |
| BIL-JAC FOODS, INC., U.S. PET NUTRITION, LLC, THAI UNION INTERNATIONAL, INC., KELLY FOODS CORPORATION, and BLUE BUFFALO COMPANY, LTD., | ) ) ) ) ) ) |
| Defendants. | |

## NON-DISCLOSURE AGREEMENT

I, _____ , acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("Designated Discovery Material"), and I will comply with the provisions of this Protective Order. I agree that I will not disclose such Designated Discovery Material to anyone who is not authorized pursuant to the Protective Order to receive the disclosure thereof, and that I will return all Designated Discovery Material to the Party or attorney from whom I received it, or I will destroy such materials in accordance with the terms of this Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Middle District of Tennessee for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

N JAD 1323974 v1
2914916-000002  05/02/2014

Dated:_____ _____

N JAD 1323974 v1
2914916-000002  05/02/2014